```
                                                        FILED by  OTS   D.C.
                                                         ELECTRONIC

                                                         Feb. 16, 2010

                                                        STEVEN M. LARIMORE
                                                        CLERK U.S. DIST. CT.
                                                         S.D. OF FLA. - MIAMI
```

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO.: **10-CV-14047-Graham/Lynch**

ALLSTATE INSURANCE COMPANY

    Plaintiff,

vs.

CLARENCE W. KINMAN, VICKI KINMAN,
CHARLES E. KINMAN, CAROL BEACHAM,
CINDY CORWIN, as Personal Representative
of the Estate of Kevin E. Hall, II, Deceased and
as legal guardian for minor E.H.,

    Defendants.

_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

    COMES NOW the Plaintiff, ALLSTATE INSURANCE COMPANY, and alleges as follows:

    1.    This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201, seeking a declarations of the rights, duties and liabilities of the parties under a policy of insurance issued by Plaintiff, Allstate Insurance Company (hereinafter "Allstate"), to Clarence W. and Vicki Kinman relating to an automobile accident which occurred on or about January 20, 2008.

### PARTIES

    2.    Plaintiff Allstate is an insurance company incorporated in the State of Illinois, authorized to do business in the State of Florida, and maintaining its principal

place of business at 2775 Sanders Road, Northbrook, IL 60062-6127.

3. At all times material hereto, Defendants Clarence W. and Vicki Kinman have been residents of the State of Florida, and at the time of the January 20, 2008 automobile accident, their address was 8015 SE 57th Drive, Okeechobee, Florida, 34974-1459.

4. At all times material hereto, Defendant Charles E. Kinman has been a resident of the State of Florida, and at the time of the January 20, 2008 automobile accident, his address was 3751 SE 136th Avenue, Okeechobee, Florida, 34974.

5. At all times material hereto, Defendant Carol Beacham has been a resident of the State of Florida, and at the time of the January 20, 2008 automobile accident, she resided in Okeechobee, Okeechobee County, Florida.

6. At all time material hereto, Defendant Cindy Corwin, as Personal Representative of Kevin E. Hall, II, deceased, and as legal guardian of minor E.H., has been a resident of the State of Florida.

## JURISDICTION

7. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1332 (Diversity of Citizenship) because the citizenship of Allstate is diverse from that of all defendants, and the amount in controversy is in excess of $75,000, exclusive of interest and costs.

## HISTORY OF THE CONTROVERSY

8. Venue in this district is proper because the underlying subject automobile accident occurred in this district, in Indiantown, Martin County, Florida.

9. Charles Kinman was involved in an automobile accident on January 20,

2008.

10. At the time of the accident, Charles Kinman was operating a 2006 Ford Truck, which was owned by Carol Beacham.

11. At the time of the accident, Kevin Hall was traveling eastbound on State Road 710 when he swerved into the westbound lane of traffic.

12. Upon entering the westbound lane, Kevin Hall's vehicle struck a vehicle owned and operated by Gus Petridis.

13. Kevin Hall's vehicle then struck a 2006 Ford Truck owned by Carol Beacham and operated by Charles Kinman.

14. Upon information and belief, Kevin Hall and the passenger in his vehicle, Melissa Torres died at the scene of the accident.

15. Upon information and belief, Kevin Hall's minor daughter, E.H., was a passenger in Kevin Hall's vehicle and sustained personal injuries.

16. At the time of the accident, Clarence W. and Vicki Kinman had a policy of insurance issued by Allstate Insurance Company, policy number 091516231, for the policy period January 19, 2008 to July 19, 2008. A copy of the policy is attached hereto as Exhibit "A."

17. The 2006 Ford Truck which Charles Kinman was operating at the time of the accident was not listed on the Allstate policy declarations. Exhibit A.

18. Charles Kinman is not listed on the policy declarations as a named insured or a driver. Clarence and Vicki Kinman are the only listed drivers. Exhibit A.

19. At the time of the accident, Charles Kinman did not reside with his parents, Clarence and Vicki Kinman.

20. On January 7, 2010, Cindy Corwin, the Personal Representative of the Estate of Kevin E. Hall, II, deceased and the legal guardian of E.H., filed a complaint against Charles Kinman and Carol Beacham in Martin County, Florida. A copy of the complaint is attached hereto as Exhibit "B."

21. A dispute exists between the parties as to whether the Allstate policy issued to Clarence and Vicki Kinman provides any bodily injury liability coverage with regard to the underlying automobile accident, and therefore, there is a bona fide and actual present need for a declaration of Allstate's rights and obligations under the policy.

## COUNT I

22. Plaintiff, Allstate, incorporates herein by reference paragraphs 1 through 21 herein.

23. Allstate Insurance Company issued an automobile policy to the named insureds, Clarence and Vicki Kinman, for the policy period January 18, 2008 to July 19, 2008. The policy lists Clarence and Vicki Kinman as drivers. The listed vehicles are a 1995 Ford Truck, a 1999 Ford Truck F250 and a 2003 Chevy Silverado Truck. The bodily injury liability limit under the policy is $50,000 each person and $100,000 each occurrence.

24. The policy contains the following pertinent definitions:

**Definitions Used Throughout the Policy**
The following definitions apply throughout the policy unless otherwise indicated. Defined terms are printed in bold face type.

1. **Allstate, we, us** or **our** means the company shown on the Policy Declarations.

2. **Auto** means a land motor vehicle designed for use principally upon public roads.

3. **Resident** or **reside** means the physical presence in **your** household with the intention to continue living there. **Your** unmarried dependent children while temporarily away from home will be considered **resident(s)**, if they intend to continue to live in **your** household.

4. **Utility auto** means an **auto** of the pick-up body, sedan deliver or panel truck type. This **auto** must have a gross vehicle weight of 10,000 pounds or less, according to the manufacturer's specifications.

5. **You** or **your** means the policyholder named on the Policy Declarations and that policyholder's **resident** spouse.

Exhibit A, Page 2.

25. Coverage AA of the policy is the "Automobile Liability Insurance Bodily Injury" coverage segment. The insuring agreement states as follows:

> **Part I**
> **Automobile Liability Insurance**
> **Bodily Injury – Coverage AA**
> **Property Damage – Coverage BB**
>
> **Allstate** will pay for all damages an **insured person** is legally obligated to pay because of **bodily injury** or **property damage**.
>
> Under these coverages, **your** policy protects an **insured person** from claims for accidents arising out of the ownership, maintenance or use, loading or unloading of the **auto we** insure.
>
> **We** will defend an **insured person** if sued as the result of a covered **auto** accident. **We** will defend that person at **our** own expense, with counsel of **our** choice and, may settle any claim or suit if **we** feel this is appropriate. **We** will not defend an **insured person** sued for damages which are not covered by this policy.

Exhibit A, Page 6.

26. The policy's liability segment contains the following definition of "insured auto:"

2.  **Insured auto** means:

a.  Any **auto** described on the Policy Declarations. This includes the four wheel private passenger **auto** or **utility auto** with which **you** replace it;

b.  An additional four wheel private passenger **auto** or **utility auto** of which **you** acquire ownership during the policy period.

   The additional four wheel private passenger **auto** or **utility auto** will be covered by **Allstate** for 30 days immediately after **you** acquire ownership if:

   (i)  **Allstate** or one of its affiliates insures all other **auto(s) you** own;

   (ii) the newly acquired four wheel private passenger **auto** or **utility auto** is not covered under any other automobile insurance policy; and

   (iii) **you** pay any additional premium.

   Coverage will be continued beyond this 30-day period only if:

   (i)  **you** ask **us** to continue coverage within 30 days after **you** acquire the additional four wheel private passenger **auto** or **utility auto**;

   (ii) **Allstate** or one of its affiliates agrees to continue coverage for this additional four wheel private passenger **auto** or **utility auto**; and

   (iii) **you** pay any additional premium.

c.  A substitute four wheel private passenger **auto** or **utility auto**, not owned by **you** or a **resident**, being temporarily used with the permission of the owner while **your insured auto** is being serviced or repaired, or if **your insured auto** is stolen or destroyed;

d.  A non-owned **auto** used by **you** or a **resident** relative with the owner's permission. This **auto** must not be available or furnished for the regular use of an **insured person**; or

e.  A trailer, while attached to an **insured auto**, as defined in **a.** through **d.** above, designed for use with an **auto**. This trailer can

not be used for business purposes with other than a four wheel private passenger **auto** or **utility auto**.

Exhibit A, Page 7.

27.  The policy's liability segment contains the following definition of "insured person:"

>  3.  **Insured person** means:
>
>  a.  While using **your insured auto**
>
>  (i)  **you**,
>
>  (ii)  any **resident**, and
>
>  (iii)  any other person using it with **your** permission;
>
>  b.  While using a non-owned **auto**
>
>  (i)  **you**,
>
>  (ii)  any **resident** relative using a four wheel private passenger **auto** or **utility auto**; or
>
>  c.  Any other person or organization liable for the use of an **insured auto** if the **auto** is not owned or hired by that person or organization, provided the use is by an **insured person** under **a.** or **b.** above and then only for that person's acts or omissions.

Exhibit A, Page 7.

28.  The policy's liability segment contains the following exclusion:

> **Exclusions – What is not covered**
> **Allstate** will not pay for any damages an **insured person** is legally obligated to pay because of:
>
> ******
>
> 10.  **bodily injury** or **property damage** arising out of the use of a non-owned **auto**, substitute **auto** or non-owned **utility auto**, being driven by someone other than **you** or a **resident** relative.

Exhibit A, Page 8.

29. At the time of the accident, Charles Kinman did not meet the policy definition of resident of Clarence and Vicki Kinman's household.

30. Based upon the policy provisions, there is no bodily injury liability coverage provided with regard to the January 20, 2008 accident because Charles Kinman does not qualify as an "insured person" under the terms of the policy.

31. Based upon the policy provisions, there is no bodily injury liability coverage provided with regard to the January 20, 2008 accident because Carol Beacham does not qualify as an "insured person" under the terms of the policy. Carol Beacham does not qualify as an "insured person because she is not the policyholder, the policyholder's resident spouse, or a resident relative of Clarence and Vicki Kinman.

32. Based upon the policy provisions, there is no bodily injury liability coverage available with regard to the January 20, 2008 accident because the vehicle does not meet the liability coverage segment definition of an "insured auto." The vehicle was owned by Carol Beacham, was furnished and available for the regular use of Charles Kinman, and does not meet any definition of "insured auto."

33. Exclusion #10 precludes coverage for bodily injury arising out of the use of a non-owned auto being driven by someone other than the policyholder named on the policy declarations, that policyholder's resident spouse, or a resident relative.

WHEREFORE, for all of the above reasons, Plaintiff, Allstate Insurance Company, respectfully requests that this Honorable Court issue its Order and Judgment declaring that:

1. Charles Kinman does not qualify as an "insured person" under the Allstate

policy issued to Clarence and Vicki Kinman with regard to the January 20, 2008 accident.

2. Carol Beacham does not qualify as an "insured person" under the Allstate policy issued to Clarence and Vicki Kinman with regard to the January 20, 2008 accident.

3. The 2006 Ford Truck vehicle involved in the accident does not qualify as an "insured auto" under the Allstate policy with regard to the January 20, 2008 accident.

3. Exclusion #10 precludes coverage entirely since the bodily injury arose out of the use of a truck not owned by Clarence and Vicki Kinman, and driven by Charles Kinman, who was not a resident relative of Clarence and Vicki Kinman.

4. Allstate Insurance Company has no duty to defend or indemnify Charles Kinman and Carol Beacham with regard to the underlying lawsuit and any resulting judgment against them.

Plaintiff, Allstate insurance Company hereby requests a trial by jury of all issues so triable.

Filed this 12th day of February 2010.

BOYD & JENERETTE, P.A.
201 N. Hogan St., Suite 400
Jacksonville, FL 32202
Tel: (904) 353-6241
Fax: (904) 493-5657
Email: janderson@boyd-jenerette.com
kgooden@boyd-jenerette.com

By: _____
Jane Anderson, Esquire
Florida Bar No.: 045942
Kansas R. Gooden, Esquire
Florida Bar No.: 58707
Attorneys for Plaintiff, Allstate Insurance Company

JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed C**

FILED D.C.
ELECTRONIC
Feb. 16, 2010
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## I. (a) PLAINTIFFS
ALLSTATE INSURANCE COMPANY

**DEFENDANTS**
Clarence W. Kinman, Vicki Kinman, Char

(b) County of Residence of First Listed Plaintiff: COOK
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: OKEECHOBEE
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Jane Anderson, Esq., Boyd & Jenerette, P.A., 201 N. Hogan St., Ste. 201, Jacksonville, FL (904) 353-6241

**10-CV-14047-Graham/Lynch**

Attorneys (If Known)

(d) Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☑ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☑ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☑ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☑ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):

a) Re-filed Case ☐ YES ☑ NO      b) Related Cases ☐ YES ☐ NO

JUDGE _____ DOCKET NUMBER _____

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

28 U.S.C. § 2201 - Declaratory judgment action regarding coverage

LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD _____

DATE 2/12/10

FOR OFFICE USE ONLY
AMOUNT $350.00 RECEIPT # 235390 IFP _____